## STATE ex BLAIR v ANDREWS

Ohio Appeals, 2nd Dist, Franklin Co

No. 1959.  Decided March 17, 1931

Gilbert Bettman, Columbus, and Frank T. Bow, Canton, for plaintiff.

Ballard, Jones & Price, Columbus, and D. M. Gruber, Steubenville, for defendant.

HORNBECK, J.

It is urged that in equity and good conscience this defendant should be relieved of paying the sum which passed to the Bank, under the arrangement heretofore quoted, on his double liability as a stockholder. There can be no doubt that a proposition such as is disclosed in this case, coming from the Department of the Superintendent of Banks of the State of Ohio would carry with it to the mind of the average stockholder of the bank authority to complete any promise therein included. It is also claimed that the fund created by the payment of this defendant and others should be considered as a trust fund.

The nature of the transaction and the application to be made of the fund raised by the payment of this defendant and others negatives the theory that the fund could be held in trust to be applied to the double liability of the stockholders. One obvious purpose of the fund was to make up the impaired capital of the Bank, although not raised by strict statutory procedure. It is accomplished the desideratum, viz: prevention of the liquidation of the bank, it could and probably would have been employed to meet the active obligations of the Bank. If it failed of its purpose it was to be expected that some or all of this fund would have been dissipated before liquidation. It was not kept intact although there was an amount in the Bank at all times after payment equal to the fund. It does not take on the characterization of a fund which can be traced, identified and found to be held in trust for a specific purpose.

It is most doubtful indeed if the Superintendent of Banks can accelerate the obligation of the stockholders on their double liability so as to make it payable before the Bank is taken over for liquidation. As a public official with delegated power, we question his authority at law to waive the constitutional and statutory provisions touching double liability of the stockholders, and doubt if by conduct he can create in them equitable rights higher than their legal rights.

The danger in judicial sanction of transactions such as found in this case is apparent. The Peoples Bank operated probably because of this fresh money for more than five months after the payments by the stockholders under the agremeent which they set up. If payments can be made under these conditions and held to apply to double liability after five months of operation of the Bank then there can be no time limit and it would be possible for the Superintendent of Banks to render the statutory provision concerning payment of double liability without any effect whatever. The contradictory character of the purposes for which the fund would be raised by the stockholders could be used:—first, to raise impaired capital and, second, to meet double liability, prevents the application of any trust doctrine. The case of Citizens' Bank of Lane v Needham, 120 Kansas, 523; 45 A.L.R.; 1208; first syllabus states the situation of the stockholders in this case as well as any cited:

"Payments made by stockholders to a bank in consequence of impairment of capital, with purpose or effect to repair breach of capital or to keep the bank a going concern, are voluntary payments, however induced, and have no effect to discharge double liability."

We grant the strength of the equities of the defendants in these cases but the rights of the public and the creditors of the Bank in liquidation which the constitution and statute seek to subserve are stronger.

We are of opinion that this defendant did not have the right to set off against double liability as a stockholder the amount which he paid under the arrangement with the Superintendent of Banks and the directors of the Peoples Bank.

On the question of the right to set-off as against the claim of the Superintendent of Banks for double liability deposits in the bank we believe that this is no longer an open question.

The Supreme Court indicates a purpose to so hold in **Niles, Assignee v Glazak, 87 Oh St, 229,** and in the case of **State ex v Augestine, 29 N.P.N.S., 262,** the Common Pleas Court expressly so held. This case was affirmed in the Court of Appeals and the Supreme Court refused to certify it.

In view of the fact that the first question here determined has not been decided by the Supreme Court of Ohio, we withhold opinions in the other cases presented to us until the Supreme Court has either refused to certify this case, or, having admitted it, has decided the question. After the time has elapsed to have had a determination of this matter in one of the ways suggested, we will enter judgment in the other cases presented.

ALLREAD, PJ, and KUNKLE, J, concur.